UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA-CHRISTINA BIRRELL, a.k.a. DAVID WESLEY BIRRELL,<br><br>Plaintiff,<br><br>v.<br><br>JOYCE BANZHAF, et al.<br><br>Defendants. | No. 2:14-CV-1024 JAM CKD P (TEMP)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 10, 2014, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint, which plaintiff has timely filed.

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Therefore the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, it is well established that a state actor in a supervisory position

cannot be held individually liable in a civil rights action for the constitutional violations of a subordinate. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). To state a claim against a supervisor, a plaintiff must aver some causal connection between the supervisor's conduct and the violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The second amended complaint states a cognizable claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. However, the court finds that plaintiff has stated federal civil rights claims of (1) retaliation, (2) violation of due process and (3) violation of plaintiff's right to equal protection only as to defendants Banzhaf and Bravo. Plaintiff has also stated state law claims of defamation and negligence against defendants Banzhaf and Bravo; the court exercises its supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. Plaintiff has not sufficiently alleged any other federal or state law causes of action against any other defendants. The court will recommend that all defendants other than Banzhaf and Bravo be dismissed from this action, pursuant to 28 U.S.C. 1915(b)(1).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Banzhaf and Bravo.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed February 4, 2015.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Three copies of the endorsed second amended complaint filed February 4, 2015.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS RECOMMENDED that the following defendants be dismissed from this action without prejudice, pursuant to 28 U.S.C. 1915(b)(1): Shender, Cerda, Dovichi, Sewell, Grijalva, Sandoval, Volunteers of Vacaville, and California Medical Facility.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 19, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hm/birr1024.1amd.new

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DGNNC/EJ TKUVKP C"DKTTGNN." | No. 4<36/ex/3246"LCO "EMF "*VGO R+"R" |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| LQ[ EG'DCP\ J CH."gv'cn) | |
| Defendantu. | |

  Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

  ____  completed summons form

  ____  completed USM-285 forms

  ____  copies of the _____

       Complaint

DATED:

                    _____

                    Plaintiff

5