UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESLEY BIRRELL AKA BELLA-CHRISTINA BIRRELL,<br><br>Plaintiff,<br><br>v.<br><br>JOYCE BANZHAF, et al.,<br><br>Defendants. | No. 2:14-cv-1024 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983, has requested that this action be dismissed. (See ECF No. 55). The record indicates that the parties have settled the instant matter. (See ECF No. 54). Plaintiff has also requested that she be declared the "prevailing party" and that as a result, the initial filing fee for this action be waived. (See ECF No. 55 at 2).

Plaintiff filed a civil rights complaint in this court on April 25, 2014. (ECF No. 1). The complaint was lodged against employees and volunteers of the Alternatives to Violence Project ("AVP") program at the California Medical Facility. (See ECF No. 1 at 1-6). It alleged retaliation due to plaintiff's filing of a suit to stop favoritism within the AVP program. (Id.) Ultimately, plaintiff was permitted to file a second amended complaint ("SAC"). (See ECF No. 9). Filed in February 2015, the SAC alleged defamation of character, retaliation for engaging in a

constitutionally protected activity, violation of the right to due process based on the denial of her right to confront her accusers, and violation of the right to equal protection based on her exclusion as a transgender individual from prison program participation. (See ECF No. 14 at 35-48).

Thereafter, litigation proceeded for well over two and a half years. In due course, the parties have come to a mutually satisfactory settlement agreement. (See generally ECF Nos. 54, 55). Consequently, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, it is recommended that plaintiff's request to dismiss the complaint be granted.

Regarding plaintiff's request that the filing fee in this case be waived, plaintiff is advised that when she files a civil rights action, she remains liable for full payment of the filing fee, regardless of the outcome of the action. See 28 U.S.C. § 1915(b)(1) & (2); see also Antonetti v. Foster, No. 3:14-cv-495 JAD VPC, 2015 WL 6437399, at *3 (D. Nev. Oct. 22, 2015) ("Plaintiff will . . . be required to make monthly payments toward the full $350 filing fee when he has funds available, even though this case is being dismissed."); Turner v. San Diego County, No. 14-cv-1965 LAB (WVG), 2014 WL 5800595, at *1 (S.D. Cal. Nov. 7, 2014) (same); Mercier v. FBI, No. CV 07-281 S EJL, 2008 WL 360843, at *2 (D. Id. Feb. 8, 2008) (same). Therefore, it is recommended that plaintiff's motion to waive the filing fee be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to dismiss, filed December 26, 2017 (ECF No. 55) be GRANTED in part and DENIED in part. Specifically, that:

1. Plaintiff's request to dismiss the complaint be GRANTED pursuant to Federal Rule of Civil Procedure 41(a)(2), and

2. Plaintiff's request to waive the filing fee in the matter be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

////

////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS PRISONER.CIVIL RIGHTS/birr1024.59a